■ FIRST WESTCHESTER NATIONAL BANK OF NEW ROCHELLE, Appellant, v. DE LALLA BUILDERS, INC., Respondent.— In an action by a bank to recover money alleged to have been paid out under a mistake of fact, and for other relief, the appeal is (1) from an order of the City Court of New Rochelle entered September 18, 1958 dismissing appellant's motion for summary judgment striking out the answer, or for alternative relief, and (2) from an order of said court entered October 14, 1958 granting reargument, and upon reargument adhering to the original decision. Appeal from order entered September 18, 1958 dismissed, without costs (*Graffeo* v. *Graffeo,* 7 A D 2d 741). Order entered October 14, 1958 affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Estate of WALTER CENCEVIZKY, Deceased. TANYA K. CENCEVIZKY, Appellant; ELIZABETH TAYLOR, as Executrix of WALTER CENCEVIZKY, Deceased, Respondent.— Appeal from so much of a decree of the Surrogate's Court, Queens County, as denied appellant the right of election, pursuant to section 18 of the Decedent Estate Law, on the ground that she had abandoned decedent. Decree insofar as appealed from reversed, and proceeding remitted to the Surrogate's Court for the purpose of taking such additional proof as may be available on the issue of abandonment, and making a determination in the light of all the proof adduced. Proof that appellant left decedent without his consent should be developed at greater length. On making the determination, while not mandatory, it would be of material assistance on any subsequent appeal if the learned Surrogate would make findings of fact on the issue of abandonment on the basis of the original and additional proof. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.